# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-392V
Filed: November 7, 2018
Not for Publication

*************************************
SUZANNE HULETT,                      *
                                     *
       Petitioner,              *
                                     *
v.                                   *   Reasonable attorneys' fees and costs;
                                     *   Optic neuropathy and/or optic neuritis;
                                     *   Settlement.
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
       Respondent.              *
                                     *
*************************************

Ronald C. Homer, Boston, MA, for petitioner.
Traci R. Patton, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 20, 2017, Suzanne Hulett ("petitioner") filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012), alleging that she suffered optic neuropathy and/or optic neuritis as a result of her October 22, 2015 receipt of the influenza ("flu") vaccine. Pet. at 1.

On May 14, 2018, the parties filed a stipulation in which they agreed to settle this case and described the settlement terms. Respondent denies that the flu vaccine caused or significantly aggravated petitioner's alleged injury or any other injury. Nonetheless, the parties agreed to resolve this matter informally. On the same day, the undersigned issued a decision awarding compensation in the amount and on the terms set forth in the stipulation. Judgment

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

entered on May 16, 2018.

On September 14, 2018, petitioner filed a motion for attorneys' fees and costs ("Fees App."), requesting attorneys' fees of $23,071.50 and attorneys' costs of $1,639.06, for a total request of $24,743.05.  Fees App. at 1-2.  Pursuant to General Order No. 9, petitioner has indicated that she has personally incurred costs in the amount of $32.49, included in the above total.  Id.  Respondent responded to the motion on September 19, 2018, indicating that he was "satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the undersigned to "exercise her discretion and determine a reasonable award for attorneys' fees and costs."  Response at 2-3.  Petitioner did not file a reply.  The matter is now ripe for disposition.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds petitioner's attorneys' fees rates to be acceptable and in conformance to what the undersigned and other special masters have awarded Conway, Homer, P.C. attorneys in prior Vaccine Program cases.  Additionally, the hours billed all appear to be reasonable – counsel has succinctly described each task performed with sufficient detail, and none of the entries appears to be excessive. Accordingly, the undersigned finds no cause to reduce the requested rates or hours.

The undersigned also finds petitioner's requested costs to be reasonable, with one exception. The submitted documentation indicates that on her flight back from a client visit, Ms. Meredith Daniels booked a first class flight.  Fees App. Tab B at 36-37.  It is well established that the Vaccine Program does not compensate for upgraded methods of travel, such as first class airfare.  See Sharpe v. HHS, No. 14-65V, 2018 WL 3990867, at *3 (Fed. Cl. Spec. Mstr. July 6, 2018); Tetlock v. HHS, No. 10-56V, 2017 WL 5664257, at *6 (Fed. Cl. Spec. Mstr. Nov. 1, 2017).  The undersigned will therefore reduce the requested amount by half, resulting in a reduction of **$58.70.**[2]

The remainder of the costs consists of other travel expenses, payment for medical records, postage, and the filing fee for this case. Fees App. Ex. 10 at 1. All of these costs are typical of Vaccine Program cases, and petitioner has provided adequate documentation for all costs. Accordingly, petitioner's requested costs shall be awarded in full.  Additionally, the

---

2 The cost of this one-way flight was $352.20 and the billing record indicates that counsel has split this cost among three separate cases.  Fees App. Tab A at 19.  ($352.20 / 3 = $117.40) / 2 = $58.70.  The undersigned further notes that although the billing record has recorded the cost of this flight as $352.50, the submitted receipt for the flight indicates the cost was $352.20.

undersigned finds the costs incurred by petitioner for medical records and mailing to be reasonable and supported by adequate documentation, and shall award these costs in full as well.

Accordingly, the undersigned **GRANTS** petitioner's application for attorneys' fees and costs.  The court awards a total of **$24,684.35** as follows:

1) A check made jointly payable to petitioner and Conway, Homer, PC in the amount of **$24,651.86** for attorneys' fees and costs, and

2) A check made payable to petitioner in the amount of **$32.49** for personal costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: November 7, 2018                                             /s/ Laura D. Millman
                                                                    Laura D. Millman
                                                                    Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.